## NORTH SIDE STATE BANK v. AARON MANTHEY.[1]

October 20, 1922.

No. 23,118.

**Temporary injunction granted against interference with plaintiff's business.**
1. Upon the showing made upon an application for a temporary injunction the trial court was justified in finding that a real estate and insurance agency business was owned and conducted by the plaintiff bank, and that the defendant, a former employe, wrongly interfered with such business; and the issuance of a temporary injunction against such interference was justified.

**Defense of ultra vires not open to defendant.**
2. Conceding that the conduct of such business was ultra vires the bank such fact is not a defense open to the defendant when an injunction is sought against his interference with the business.

Action in the district court for Hennepin county to restrain defendant from interfering with the conduct and management of the North Side Investment & Insurance Agency. From an order, Hale, J., granting an injunction pendente lite, defendant appealed. Affirmed.

*Clyde F. Bort,* for appellant.
*Theodore F. Wendland,* for respondent.

DIBELL, J.

Action to restrain the defendant from interfering with the conduct and management of the North Side Investment & Insurance Agency. Upon application of the plaintiff a temporary injunction issued. Defendant appeals.

1. The plaintiff is a state bank in Minneapolis. The North Side Investment & Insurance Agency does a real estate and insurance brokerage business. The plaintiff bank claims that the agency is a part of the bank; that the bank owns and conducts the business

[1] Reported in 190 N. W. 72.

under the name stated; that the defendant was in its employ working in the agency; that he was discharged in May, 1922; and that since his discharge he has wrongfully interfered with the conduct of the business. The defendant claims that the agency is a partnership between himself and Dahn, the president of the bank. These are the claims of the parties. The affidavits produced on the hearing are in direct conflict. The court accepted, as it well enough might, the contention of the plaintiff. Taking this view it was within its discretion to grant an injunction.

2. But the defendant claims that all this granted, the plaintiff should not have an injunction. The reason assigned is that it was acting ultra vires in conducting a real estate and insurance business. This contention does not bear analysis. Whether the plaintiff was acting ultra vires is unimportant here. The state does not object. No one contracting with the plaintiff objects. The defendant is not a dissenting stockholder. He is a discharged employe. See Dunnel, Minn. Dig. 1916 and 1921 Supps. § 2026. Let it be conceded that the business conducted by the bank under the name assumed is ultra vires. The bank is not an outlaw, with the ultra vires business of which a stranger may interfere at his will, and against which interference an injunction may not issue.

Order affirmed.